**KEEGAN et al. v. JACOB RUPPERT et al.**

District Court, S. D. New York.

June 17, 1941.

Mariano & Korey, of New York City, for plaintiffs.

Charles E. Cotterill, of New York City, for defendant John J. Casale, Inc.

Grant, Clark & Fox, of New York City, for defendant Jacob Ruppert.

KNOX, District Judge.

As recently was said in 16 State Bar Journal of California, 120, April 1941, "The new Rules * * * require only 'a short and plain statement of the claim showing that the pleader is entitled to relief' (Rule 8(a) (2) [28 U.S.C.A. following section 723c]). 'To indicate the * * simplicity and brevity of statement which the Rules contemplate' (Rule 84), 'there is included an appendix of forms which are considerably more general in statement than the usual pleadings under the code. All this is in line with the decreased importance to be attached to the role of pleading in a system where, as indicated above, discovery and pre-trial better perform pleading's former tasks of faot revelation and issue-formulation, leaving to pleading chiefly the function of notice giving."

This pleading purports to state two causes of action. The first is based upon plaintiffs' claim of a right to recover unpaid overtime compensation, and for liquidated damages in like amount, together with counsel fees, as provided by the terms of the Fair Labor Standards Act of 1938, commonly known as the Wage and Hour Law, 29 U.S.C.A. § 201 et seq.

Defendants' attack upon the first cause of action centers upon the allegation that plaintiffs were employed both by Jacob Ruppert, a New York corporation, and John J. Casale, Inc., a company organized

under the laws of Delaware, and that there is no statement in the pleading as to whether plaintiffs were employed jointly by both defendants, or by one defendant at a particular time, and by the other defendant at a different time. It is likewise urged that, in the first cause of action, there is no averment which sets forth definitely the relationship, if any, between the two defendants. Objection to the pleading is also made upon the ground that it fails to state a claim whereon relief can be obtained from either or both of the defendants.

■ In my opinion, defendants' objections are well taken. The complaint makes no clear disclosures as to when, and by which of the defendants they were respectively employed. While the contract between plaintiffs' Union and Jacob Ruppert is attached to the pleading now under assault, there is nothing to show whether the Union had a contract with John J. Casale, Inc., and if so, the terms therein contained. The schedules accompanying the complaint fail to show the defendant for which certain hours were worked, and make no showing as to when, and in whose employment, overtime work was done.

From the allegations now before me, it is impossible to tell whether it is sought to hold defendants under Paragraph 16 or 17 of the Interpretative Bulletin 13, issued by the Wage and Hour Administration.

On the whole, therefore, I think the first cause of the complaint fails to satisfy the "notice" requirement of the rule.

Defendants' motion to dismiss the first cause of action set forth in the complaint will be granted, without prejudice to the right to amend within fifteen days of the date of the order to be entered herein.

■ The second count, also, must be dismissed. In the first place, it is exceedingly doubtful if the Court has jurisdiction of the claim here set forth. This is to say that, as between plaintiffs and Jacob Ruppert, there is probably no diversity of citizenship, and as between each of the plaintiffs and the defendant just named, the amount in controversy is less than $3,000. But, beyond this there is no showing that there has been a compliance with paragraph nine of the contract upon which plaintiffs declare. Such compliance, it would seem, is a condition precedent to the maintenance of plaintiffs' second cause of action.